
**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| JOHN NGUYEN, | No. 13-16503 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-03324-WHA |
| v. | |
| KATHLEEN DICKENSON, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted December 11, 2014**
San Francisco, California

Before: O'SCANNLAIN, FISHER and HURWITZ, Circuit Judges.

John Nguyen appeals the dismissal of his petition for habeas corpus under

28 U.S.C. § 2254 collaterally attacking his conviction for attempted murder under

California law. Reviewing the district court's dismissal de novo, *see Carrera v.*

*Ayers*, 699 F.3d 1104, 1106 (9th Cir. 2012) (en banc), we affirm.

---

*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. The state court reasonably determined that Nguyen did not suffer ineffective assistance due to his trial counsel's failure to present eyewitnesses. *See Harrington v. Richter*, 131 S. Ct. 770, 788 (2011). The burden to demonstrate deficient performance "rests squarely on the defendant," *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (citation omitted) (internal quotation marks omitted), and Nguyen did not do so here.

Nguyen's trial counsel's declaration states only that he "was not given information about [the eyewitnesses] prior to trial." Nguyen provided no information to the state court about whether his trial counsel knew or reasonably should have known about these eyewitnesses. *Cf. Cannedy v. Adams*, 706 F.3d 1148, 1161-62 (9th Cir. 2013) (lawyer who declined to interview a clearly identified, potentially favorable witness rendered deficient performance); *Avila v. Galaza*, 297 F.3d 911, 919 (9th Cir. 2002) (defense attorney's failure to investigate five eyewitnesses of whom he was aware constituted deficient performance). Although Nguyen's trial counsel possessed a police sketch, which included license plate numbers for 60 or so vehicles in the parking lot, including the vehicle of one of the eyewitnesses, Nguyen provided no information to the state court about whether his trial counsel investigated these numbers. Because "the absence of evidence cannot overcome the strong presumption that [Nguyen's] counsel's

2

conduct fell within the wide range of reasonable professional assistance," *Burt*, 134 S. Ct. at 17, the state court's determination that Nguyen did not suffer ineffective assistance of counsel was not unreasonable. *Harrington*, 131 S. Ct. at 778.

2. Nguyen's request to expand the certificate of appealability to address his ineffective assistance claim based on his trial counsel's failure to present a ballistics expert is denied because reasonable jurists would not find the district court's assessment of this claim "debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**AFFIRMED.**